UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE ISREAL ARGUETA DIAZ                                              PETITIONER

v.                                               CIVIL ACTION NO. 3:18-CV-260-DPJ-JCG

SUEMILLS EXELI DIAZ LOPEZ                                             RESPONDENT

ORDER

This cause is before the Court on Respondent's Motion to Dismiss [9], brought under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

I.  Background

Jose Israel Argueta Diaz ("Diaz") filed a Verified Petition in this Court seeking the return of his two minor grandchildren to Guatemala under The Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), codified at 22 U.S.C. §§ 9001, *et seq*.

In his Verified Petition, Diaz alleges, *inter alia*, that he has custody rights with respect to the subject minor children under Guatemalan law because his son, who is the children's father, is currently incarcerated. *See* Pet. [1] ¶ 5. Diaz also alleges that he was exercising his custodial rights while the subject minor children were living with him in Guatemala, *see id.* ¶¶ 5, 15, and that he had not consented or acquiesced to their being removed from that country by their mother, Suemills Exeli Diaz Lopez ("Lopez"), *id.* ¶ 13.

On June 13, 2018, Lopez filed her motion to dismiss. Diaz responded in opposition, and Lopez failed to file a timely reply. The Court therefore considers the motion fully briefed.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.    Analysis

The parties focus primarily on whether Diaz has plausibly pleaded that the removal of his grandchildren breached his custody rights under Guatemalan law. *See Larbie v. Larbie*, 690 F.3d 295, 307 (5th Cir. 2012) (discussing elements under Hague Convention). According to Diaz, Guatemalan Civil Code Articles 299 and 283 gave him those rights, and he was exercising them before Lopez left with the children. *See* Pet. [1] ¶¶ 5, 15.

2

Lopez disagrees, but she has not established her position. To begin, she offers only a conclusory assertion that Diaz's interpretation of Articles 299 and 283 is "mistaken." Mot. [9] ¶ 8. According to her, Diaz's error is plain from the "clear and unambiguous language of [the] Guatemalan civil code." *Id.* ¶ 13. Yet Lopez provides no relevant legal authority, never discusses the statutory language, and fails to provide an English translation of Articles 299 and 283 for the Court to consider. While Lopez may ultimately be correct, she has not yet explained why.[1]

Finally, Lopez says Diaz has not taken the necessary steps under Guatemalan law to exercise custodial rights. *Id.* ¶ 14. Even assuming Lopez supported her claim with record evidence—she did not—it would still be a factual assertion that exceeds the scope of the pleadings. Under Rule 12(b)(6), the Court's review is limited to the pleadings, and it must accept Diaz's factual averments as true. *Twombly*, 550 U.S. at 556. Viewing those averments in the light most favorable to Diaz, he has stated a plausible claim. Lopez can contest that claim with record evidence at the appropriate time.

In sum, the Court concludes—based on the pleadings before it—that Diaz stated a plausible claim. Lopez's Motion to Dismiss will, therefore, be denied without prejudice to her right to raise her legal arguments at the hearing on the merits of the Verified Petition.

IV.   Conclusion

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss [9] is hereby denied, without prejudice.

---

[1] Lopez did not file a supporting memorandum as required by Uniform Local Rule 7(b)(4).

3

IT IS FURTHER ORDERED that parties shall contact the Court's Courtroom Deputy no later than August 9, 2018, to set the Petitioner's Verified Petition for hearing.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2018.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE